MEMORANDUM *
Although the state appeals court and state post-conviction court may have differed in their interpretation of the state trial court’s evidentiary rulings, neither AEDPA nor any precedent interpreting that statute authorizes us to avoid the deference owed to the last-reasoned state court decision on that ground, and we decline to do so here. Moreover, the state court was not obliged to explain the reasons for its rejection of Ryel’s ineffective assistance claim, and therefore we do not review de novo the question whether any error on the part of trial counsel prejudiced Ryel. See Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011).
Under the AEDPA standard, see 28 U.S.C. § 2254(d), the state court’s determination that Ryel’s counsel made “compelling arguments” for the admission of the excluded evidence and therefore did not perform deficiently under the first prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was not objectively unreasonable. Nor would it have been objectively unrea *580 sonable for the state court to conclude that Ryel was not prejudiced by his counsel’s performance, where the excluded evidence was circumstantial and the record included substantial direct and circumstantial evidence pointing to Ryel’s guilt. See Harrington, 131 S.Ct. at 792.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.